IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LARRY SQUIRES,

    Plaintiff,
v.                                CASE NO. 1:19-cv-136-AW-GRJ

RICHARD V. SPENCER,
SEC'Y OF THE NAVY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Transfer Venue, filed on September 20, 2019. ECF No. 11. As of the date of this Order, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has not filed a response to Defendant's motion. Defendant's motion is ripe for the Court's consideration, and for the reasons discussed below, it is **RECOMMENDED** that the motion should be **GRANTED** and this case should be **TRANSFERRED** to the Eastern Division of the Eastern District of North Carolina.

Plaintiff, who presently resides in Gainesville, Fla., initiated this suit on July 17, 2019, alleging myriad claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq.*, for purported

discrimination based on Plaintiff's gender and disability.  ECF No. 1.  The alleged facts supporting Plaintiff's claims occurred at the Marine Corps Air Station ("MCAS") in Cherry Point, N.C.

Defendant timely moves to transfer this case to the judicial district in which Cherry Point MCAS lies – the Eastern District of North Carolina.  ECF No. 11.  Defendant correctly asserts the facts set forth in Plaintiff's Complaint occurred while Plaintiff was employed at the Cherry Point MCAS, not in Florida; Plaintiff's employers and witnesses are located at the Cherry Point MCAS; and neither personnel records for the Cherry Point MCAS nor Defendant's principal place of business are in the Northern District of Florida.  *Id.* at 2; *see also* ECF No. 1 at 12–14.

Venue for claims under Title VII and the ADA are both governed by the venue provision in Title VII, 42 U.S.C. § 2000e-5(f)(3).[1]  This provision provides that an action such as Plaintiff's may be properly brought (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial district in which the employment records relevant to such practice are maintained and

---

[1] *See Blackmon v. Huntington Ingalls Inc.*, No. CA 15-00223-KD-C, 2015 WL 5458056, at * (S.D. Ala. Aug. 25, 2015), *report and recommendation adopted*, 2015 WL 5457995, at *1 (S.D. Ala. Sept. 16, 2015) ("The ADA incorporates the venue provisions of Title VII of the Civil Rights Act of 1964.").

administered"; (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice"; and (4) in "the judicial district in which the respondent has his principal office" if the respondent is not found in any of the foregoing districts.  42 U.S.C. § 2000e-5(f)(3).

If a plaintiff brings suit in a jurisdiction that does not satisfy one of these venue requirements, venue is improper.  *Id.*  Under 28 U.S.C. § 1406(a), where a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  Generally, the "interest of justice" requires courts to transfer cases to the appropriate judicial district rather than dismiss them.  *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67 (1962).

In applying the Title VII venue provision to the facts alleged in Plaintiff's Complaint, there is no question that venue in this Court is improper and the action should be transferred to the Eastern District of North Carolina.  Plaintiff alleges that he was discriminated against at Cherry Point MCAS, and there is no evidence or suggestion that his employment records are maintained in the Northern District of Florida or

3

that he would have worked here but for the alleged discrimination. Finally, Defendant is located in Washington, D.C. Although the Court appreciates Plaintiff's desire to litigate this case close to his residence, the Court is bound by the statutory venue provisions governing his claims.

Accordingly, it is respectfully **RECOMMENDED** that Defendant's Motion to Transfer Venue, ECF No. 11, should be **GRANTED** and this case should be **TRANSFERRED** to the Eastern Division of the Eastern District of North Carolina for all further proceedings.

**IN CHAMBERS** this 10th day of October 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**